**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DUANE YOUNG,** | **CASE NO. 2:06-cv-0187** |
| | **JUDGE FROST** |
| Petitioner, | **MAGISTRATE JUDGE KEMP** |
| v. | |
| **ROB JEFFREYS, Warden,** | |
| Respondent. | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  This matter is before the Court on the instant petition, respondent's motion to dismiss, petitioner's response, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be dismissed as barred by the one year statute of limitations under 28 U.S.C. §2244(d).

### I.  PROCEDURAL HISTORY

On March 6, 2000, petitioner was indicted by the Knox County grand jury on rape with a specification for the use of force, and two counts of corruption of a minor.  Exhibit 1 to Motion to Dismiss.  On October 23, 2000, while represented by counsel, petitioner pleaded guilty to rape and one count of corruption of a minor.  Exhibits 2 and 3 to Motion to Dismiss.  On December 15, 2000, the trial court sentenced petitioner to consecutive terms of ten years and eighteen months incarceration.  Exhibit 4 to Motion to Dismiss.  Petitioner was adjudicated a sexual predator. Exhibit 5 to Motion to Dismiss.  Petitioner never filed a timely appeal; however, more than four years later, on April 26, 2005, he filed a motion for delayed appeal with the state appellate court. Exhibit 6 to Motion to Dismiss.  On June 10, 2005, the appellate court denied petitioner's motion

for delayed appeal.  Exhibit 7 to Motion to Dismiss.  On November 9, 2005, the Ohio Supreme Court dismissed petitioner's subsequent appeal as not involving any substantial constitutional question.  Exhibit 8 to Motion to Dismiss.

On February 3, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.[1]  Petitioner alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1.  Ineffective assistance of counsel resulting in denial of right to appeal.
>
> 2.  In count one the court imposed the maximum sentence based upon finding of facts not charged in the indictment or admitted to by the petitioner in the guilty plea.
>
> 3.  In count two the court imposed a prison term based upon facts not charged in the indictment or admitted in the petitioner's guilty plea.
>
> 4.  In count 2, the court imposed the maximum prison term based on facts not charged in the indictment or admitted by the petitioner in the guilty plea.
>
> 5.  Consecutive sentences were imposed based upon findings of fact not charged in the indictment, admitted by the petitioner in his guilty plea, or found by a jury.

It is the position of the respondent that this action is time barred.  For the reasons that follow, the Magistrate Judge agrees.

## II.

As a preliminary matter, petitioner contends that respondent's motion to dismiss on statute of limitations grounds is improper under Rule 5(A) of the Rules Governing Section 2254 Cases in

---

[1] Petitioner filed his habeas corpus petition in the United States District Court for the Northern District of Ohio; on March 13, 2006, the action was transferred to this Court.

the United States District Courts, which provides:

> Rule 5. The Answer and the Reply
>
> (a) When Required. The respondent is not required to answer the petition unless a judge so orders.
>
> (b) Contents: Addressing the Allegations; Stating a Bar. The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.
>
> (c) Contents: Transcripts. The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.
>
> (d) Contents: Briefs on Appeal and Opinions. The respondent must also file with the answer a copy of:
>
> (1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
>
> (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
>
> (3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.
>
> (e) Reply. The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge.

Petitioner argues that, because respondent did not address petitioner's habeas corpus claims in the

motion to dismiss, respondent's motion must be denied and respondent is directed to submit a Return of Writ that addresses petitioner's claims. *Traverse*, at 1. Petitioner's argument fails.

> Rule 4 of the Rules Governing § 2254 Cases in the District Courts, 28 U.S.C. foll. § 2254 (effective Dec. 1, 2004), and the Advisory Committee Notes thereto, both provide that when issuing an order to respond to a petition for a writ of habeas corpus, it is well within the discretion of the court to permit and consider a response in the form of a motion to dismiss.
>
> Rule 4 states "the judge must order the respondent to file an answer, *motion,* or other response within a fixed time, *or to take other action the judge may order."* (emphasis added). The Advisory Committee Notes to original Rule 4 (1976) explain that although "[i]t has been suggested that an answer should be required in every habeas proceeding ⋯ under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Advisory Committee Notes to Rule 4, 1976 Adoption, relying approvingly on Allen v. Perini,* 424 F.2d 131, 141 (6 Cir.1970) . Additionally, the Advisory Committee Notes discussing the amended Rule 4 (2004) clearly state that "[t]he amended rule reflects that the response to a habeas petition may be a motion." *Advisory Committee Notes to Rule 4, 2004 Amendments.*
>
> Rule 5(a) of the Rules Governing § 2254 Cases in the District Courts, 28 U.S.C. foll. § 2254 (effective Dec. 1, 2004), reinforces the discretion afforded the court to consider a motion to dismiss prior to requiring an answer from a respondent in a habeas proceeding. Rule 5(a) provides that "[t]he respondent is not required to answer the petition unless a judge so orders." As explained by the Advisory Committee Notes to Rule 5:
>
> The revised rule [5(a) ] does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require ( *or permit* ) the respondent to file a motion.
> *Advisory Committee Notes to Rule 5, 2004 Amendments* (emphasis added).

*Ruff v. Jackson*, unpublished, 2005 WL 1652607 (S.D.Ohio June 29, 2005).

### III.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions.  28 U.S.C. §2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on January 14, 2001, thirty days after he was sentenced on December 15, 2000, when the time period expired to file a timely appeal to the state appellate court.  *Searcy v. Carter,* 246 F.3d 515, 518-19 (6 Cir.2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6 Cir.2002); Ohio App.R. 4(A).  The statute of limitations expired one year later, on January 14,

5

2002. Petitioner's April 26, 2005, motion for delayed appeal did not affect the running of the statute of limitations in this case, because petitioner filed the motion long after the statute of limitations had already expired. "The tolling provision does not... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run ." *Vroman v. Brigano,* 346 F.3d 598, 601 (6 Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See King v. Bell,* 378 F.3d 550, 553 (6 Cir.2004) (citations omitted).

Petitioner nonetheless argues that his habeas corpus petition is timely, because he exercised diligence in pursuing his claims and because he asserts that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). The Court is not persuaded by petitioner's argument. As noted above, the statute of limitations does not begin to run under 28 U.S.C. 2244(d)(3) until " the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* However, *Blakely* has not been made retroactively applicable to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred under 28 U.S.C. §2244(d).

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the

objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge
```